**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| DONEL L. PATTERSON,<br><br>          Petitioner,<br><br>   vs.<br><br>M. E. POULOS, Warden<br><br>          Respondent. | CASE NO. 05cv2188 JM(WMc)<br><br>ORDER VACATING CLERK'S JUDGMENT OF JULY 19, 2006; DENYING REQUEST FOR A THIRD EXTENSION OF TIME TO FILE OBJECTIONS; AND ADOPTING REPORT AND RECOMMENDATION RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AS TIME BARRED |
|---|---|

   This matter comes before the court under unusual circumstances. Without having considered any Objections from Petitioner, on July 18, 2006 the court adopted Magistrate Judge McCurine's Report and Recommendation re: Dismissal of the Petition for Writ of Habeas Corpus as Time Barred ("R & R"). Shortly thereafter the court learned that Petitioner had filed a request for an enlargement of time (Docket No. 17, filed July 20, 2006 with a nunc pro tunc date of June 29, 2006). In order to allow Petitioner an opportunity to file Objections to the R & R, on July 20, 2006 the court granted Petitioner an extension of time until August 4, 2006 to file any Objections to the R & R. Petitioner did not timely file any Objections and, on August 17, 2006 he requested additional time to file Objections. On August 25, 2006 the court granted Petitioner until September 29, 2006 to file any Objections. On September 29, 2006 Petitioner filed a third request for additional time to file Objections. Petitioner still has not filed any Objections.

<u>The July 18, 2006 Order</u>

Pursuant to Fed.R.Civ.P. 1 and 60, the court finds that it is in the interests of justice to vacate the judgment of dismissal entered on July 18, 2006 in order to permit Petitioner an opportunity to pursue a timely appeal of the present order should he so desire. The court would not have adopted the R & R on July 18, 2006 had it been aware of Petitioner's request for an extension of time. In light of the ordinary hardships imposed by incarceration, the court routinely grants reasonable requests for enlargement of time from incarcerated individuals. Accordingly, the Clerk of Court is instructed to vacate the judgment entered on July 19, 2006.

<u>The Third Request for an Extension of Time</u>

As with the previous requests, Petitioner represents that he has been unable to complete his legal research before filing his Objections. The court denies Petitioner's third request for an extension of time. The court notes that the R & R concluded that the Petition was time barred because it was filed over ten months after the expiration of AEDPA's one year statute of limitations. While AEDPA's statute of limitations is subject to equitable tolling, such relief is available only under extraordinary circumstances. <u>See</u> <u>Calderon v. United States Dist.</u> <u>Court</u>, 128 F.3d 1283, 1288 (9th Cir. 1997). Petitioner earlier argued that equitable tolling principles applied to his case because of ineffective assistance of appellate counsel. The R & R rejected this circumstances as a ground to equitably toll the statute of limitations.

To demonstrate extraordinary circumstances, as explained in the R & R, Petitioner must set forth factual circumstances warranting relief. Presumably, Petitioner is aware of the factual circumstances surrounding his case. No legal research is required for Petitioner to marshal facts to demonstrate extraordinary circumstances bearing on equitable tolling. Because Petitioner has had three opportunities to submit Objections, and fails in any of his requests for an extension of time to identify any factual circumstance warranting equitable tolling, Petitioner fails to demonstrate good cause warranting another extension of time.

In sum, the court denies Petitioner's third request for an extension of time to submit Objections to the R & R.

///

1 | The R & R

2 |     Having carefully considered Magistrate Judge McCurine's R & R, the record before the
3 | court, the absence of any Objections to the R & R, and applicable authorities, the court adopts
4 | the R & R in its entirety.
5 |     In sum, the court vacates the July 19, 2006 judgment of dismissal, denies the request
6 | for any further extension of time, and adopts the R & R in its entirety. The Clerk of Court is
7 | instructed to close the file.
8 |     **IT IS SO ORDERED.**
9 | DATED: October 19, 2006

                                                           Hon. Jeffrey T. Miller
                                                           United States District Judge

12 | cc: All Parties